

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2006

# Gavlock v. Deniker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gavlock v. Deniker" (2006). *2006 Decisions.* Paper 1276.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1276

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2910

———

ARTHUR GAVLOCK; ADAM WALTZ; JAMES P.
PLETCHER; ROBERT FLOYD; JEAN FLOYD,
Appellants

v.

CLINT DENIKER WCO; WCO WASSERMAN; DOTY
MCDOWELL WCO; RONALD STOUT, Supervisor;
VERNON ROSS

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 04-cv-00247
District Judge:  The Honorable James F. McClure

———

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

———

Before: McKEE, BARRY and VAN ANTWERPEN, <u>Circuit Judges</u>

———

(Filed: April 11, 2006)

———

OPINION

———

BARRY, Circuit Judge

Appellants, Arthur Gavlock, Adam Waltz, James P. Pletcher, Robert Floyd, and Jean Floyd, appeal from the District Court's grant of summary judgment in favor of appellees, Vernon Ross, Ronald Stout, Clint Deniker, John Wasserman, and Doty McDowell. Appellants are all members of Citizens Against the Exploitation of Private Property Rights ("CAEPPR"), a group which opposes the Pennsylvania Game Commission's elk management policies. Appellees are Pennsylvania Game Commission ("PGC") officials.[1]

In June 2003, Robert Floyd shot and killed an elk that had its head in one of his apple trees. Under Pennsylvania law, a landowner is not permitted to kill an animal that is causing damage to his property. 34 Pa. CS §§ 2307.[2] The PGC investigated the shooting. The District Court carefully examined the factual circumstances surrounding the incident and the subsequent PGC investigation, and we need not repeat that discussion. It will suffice for our purposes to note that the investigation included a search of Floyd's residence, Gavlock's residence, and Pletcher's car in an effort to locate the gun that was used to shoot the elk.[3] Ultimately, a summary citation was filed against Floyd,

---

[1] Clint Deniker, John Wasserman and Doty McDowell are Wildlife Conservation Officers ("WCOs"), Vernon Ross is the Executive Director of PCG, and Ronald Stout is the Federal Aid Officer/WCO Supervisor.

[2] There is an exception for landowners who obtain income off the plants or trees grown on their land, § 2121(a) and (c), but Floyd does not come within this exception.

[3] The gun was never found because appellants shuttled it around in order to prevent the PGC officers from locating it.

2

charging him with a violation of § 2307.   Although the District Justice did not believe

Floyd shot the elk lawfully, he found him not guilty, a finding based on Floyd's advanced

age and the District Justice's belief that Floyd had been influenced by others to commit

the offense.

In February 2004, appellants brought action under 42 U.S.C. § 1983, alleging that

appellees violated their First, Fourth, and Fourteenth Amendment rights during the course

of their investigation of the incident.   Specifically, they alleged that: (1) appellees

infringed upon their alleged constitutional right to kill elk that are causing damage to their

property; (2) the prosecution of Robert Floyd was a malicious prosecution; (3) the

searches of Floyd's residence, Gavlock's residence, and Pletcher's car were unlawful and

in violation of their Fourth Amendment rights; (4) Deniker, Wasserman, and Stout falsely

imprisoned Waltz, Gavlock, and Pletcher by parking across the street from Waltz's

residence and observing the premises; (4) PGC officer Deniker used excessive force

against Waltz while trying to gain access to the Floyd residence on the day of the

shooting; and (5) appellees violated their First Amendment rights by retaliating against

them for speaking out against the PGC's elk policies.

Following discovery, the District Court granted summary judgment to the

defendants on all but the excessive force claim, and dismissed that claim on the ground of

qualified immunity.   The District Court ruled, in the alternative, that defendants would be

entitled to qualified immunity with respect to all of the claims that were dismissed on

summary judgment. This appeal followed.[4] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo an order granting summary judgment. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 232; Fed. R. Civ. P. 56(c). In its comprehensive opinion dated May 27, 2005, the District Court carefully analyzed all of appellants' various claims and found them to be without merit. We will not reprise that discussion only to reach the same result. Accordingly, we will affirm substantially for the reasons set forth by the District Court.

---

[4] On appeal, appellants challenge the District Court's ruling on all but their false imprisonment claim.